IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eray Dursun., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 9668 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Monterrey Security Consultants, Inc., | ) | |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiff has filed a motion for sanctions, alleging Defendant spoliated video evidence of the events that gave rise to the lawsuit. (Dkt. 80.) Specifically, Plaintiff asks the Court to enter default judgments against Defendants SMG, ASM Global Convention Center Management, LLC, Chicago Park District, and Lefevour; provide adverse jury instructions against all defendants; and award attorney's fees. The motion is denied.

The amended complaint alleges that Defendants engaged in excessive force against Plaintiff at a Chicago Fire soccer game at Soldier Field on October 7, 2023. (Dkt. 36: Second Am. Cplt. ¶¶ 44-50.) Eleven days later, Plaintiff's attorney sent the entity Defendants a litigation hold letter. This letter did not ask for a blanket preservation of all video footage from Soldier field on October 7, 2023. Instead, the hold request directed the entity defendants to preserve "all security camera video depicting the events in question." Specifically, Plaintiff requested footage showing an individual lighting a flare/smoke device, Mr. Dursun being detained and escorted from the stadium, and Mr. Dursun being placed in a security cell. (Dkt. 80-1.)

In his sanctions motion, Plaintiff seeks a ruling defaulting all of the remaining defendants who received the hold notice, as well as Defendant Lefevour, who did was not listed as an addressee on the hold notice. The motion is grounded on Plaintiff's belief that these Defendants wrongfully failed to preserve October 7, 2023 footage from the Stadium's B-17 camera.

In support of this belief, Plaintiff describes footage that was produced in discovery: A clip from the B-17 camera begins after the incident took place. (Dkt. 80 at 3.) A second video clip from that camera ends well before the event took place. (*Id.*) A third video clip from a different camera angle ("the A-16 camera") captures the entire incident, but from a distance that makes it difficult to see details. *(Id.)* Plaintiff speculates that these video clips prove that Defendants knowingly failed to preserve security camera footage that the B-17 camera caught of the incident.

At the time Plaintiff filed this motion, and to this day, Plaintiff had not taken the deposition of any individual with personal knowledge of the video footage that was captured on October 7, 2026. In their conferral sessions regarding this motion, Defendants explained that an upcoming deponent would be able to address these preservation issues. Plaintiff declined to wait until after that deposition to file this motion. In his motion, Plaintiff asserts that an expectation that he first investigate the facts through such a deposition would qualify as "victim blaming for the purpose of deflecting responsibility." (*Id.* at 10.)

In their response brief, Defendants explain that all footage depicting the activities specified in the hold notice were preserved, and all unpreserved footage did not depict those activities. (Dkt. 89 at 1.) In support of these assertions, Defendants provide a sworn declaration from Thomas Trucco, the individual responsible for reviewing and preserving relevant footage of the incident. (Dkt. 89-1.)

In the declaration, Mr. Trucco explained that the unpreserved footage was not material or responsive to the litigation hold because the B-17 camera was not directed at the location of the incident during the pertinent times. (*Id.*) Instead, the unproduced video showed irrelevant video directed at other locations of Soldier Field. (*Id.*) Plaintiff has provided the Court no evidentiary basis to reject this declaration, made under penalty of perjury.

In his reply, Plaintiff references other videos received after he filed his motion to compel. (Dkt. 93.) These later videos, while relevant to the disputed issues in the case, prove nothing about whether any other responsive footage existed or was destroyed. Plaintiff's speculation cannot overcome Defendants' evidentiary submission.

Before a Court will impose any sanctions, much less the kinds of case-ending sanctions sought here, for a party's failure to preserve electronically stored information pursuant to Rule 37(e), the moving party must establish that the disputed records existed and that they were relevant to the matters at issue in the litigation. *DR Distributors v. 21 Century Smoking*, 513 F. Supp. 3d 839, 958 (N.D. Ill. 2021)). Absent this

threshold showing, "curative measures and sanctions are unavailable under Rule 37(e)." *Hollis v. CEVA Logistics U.S., Inc.*, 603 F.Supp.3d 611, 617 (N.D. Ill. 2022).

There is no dispute that not all October 7, 2023 footage from Soldier Field was preserved. But Plaintiff did not request a blanket preservation in his litigation hold letter, and even if he had, Plaintiff offers nothing to establish that the unpreserved records would be relevant to the issues in this litigation. Mr. Trucco's affidavit states unequivocally that the unpreserved B-17 camera footage did not depict the incident and was not otherwise responsive to the litigation hold. (Dkt. 89-1.) The Court cannot disregard Mr. Trucco's unrebutted statements simply because Plaintiff speculates that they are not true.

As directly acknowledged in his opening brief, Plaintiff intentionally waived the opportunity to pose questions to Defendants in a deposition. By deciding not to depose Mr. Trucco, Plaintiff also elected to forego the opportunity to establish facts that might have bolstered his claims. Plaintiff has chosen to move forward on this record. That record forecloses the relief he seeks.

Because the Court concludes that Plaintiff cannot establish that sanctions are available on this record, the Court need not address whether the sanctions sought by Plaintiff would have been the appropriate relief in these circumstances, even if the facts had been as Plaintiff speculates.

**SO ORDERED.**

ENTER:

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: March 23, 2026**